Joshua Androffi for John Volpe, plaintiff appellant in this case. The district court erred in dismissing this action. Mr. Androffi, I'd like you to focus on one issue, which is that there is a prior case Fernandez v. Zoni Language Centers, and as I understand it, you're also counsel in that appeal? Yes, Your Honor. And that appeal was argued when? I believe it was December of last year. And by you? Yes, Your Honor. Are the issues involved in the Fernandez matter largely the same issues that exist in this appeal? Yes. These are largely the same issues. I think there may be a few factual distinctions, but for the most part, it is the same. So indeed, Mr. Volpe is a plaintiff in the prior case? Correct. He's a plaintiff in the other action as well. So we gave you the courtesy because you asked for oral argument, of oral argument, but it would be, I would expect you to be very brief because we have a panel priority rule. So whatever the Fernandez panel says by way of a decision, we will be bound by it. So it may be a little bit of a waste of time for you to elaborate unless you, unless there is some factual distinction that's dispositively different in this case. I would focus on just being brief. Understood, Your Honor. So I will just focus on, I think, one factual distinction. One of the issues raised by the appellees, both in this case and the Zony case, one of the arguments is that because the defendants are accredited, that that means that they are an educational institution or is a factor in determining that they are an educational institution. American Language Communication Center, as the record shows, is accredited. Received that accreditation in 2013. Mr. Volpe worked for American Language Communication Center from 2004 through 2014. So to the extent that that is a key issue in the panel that, in the decision that will come from the panel that's deciding Fernandez against Zony, that is one distinction here, one possible distinction. Any other distinction, positive distinction? Your Honor, I think that that is the only real distinction. And in that case, given what Your Honor has said about that this panel will – that that appeal first and that this panel will, apart from any distinctions, follow that panel's decision, unless there are any additional questions from the Court, I will. Thank you very much. So you heard what your adversary just said? Yes, Your Honor. Do you have anything to add? I would add only that there are a laundry list of factors that the Court, in the Fernandez case and in our case, considered for determining whether or not ALCC meets the educational institution requirement. One of those was accreditation. The other key factor that exists with respect to ALCC, and they obtained it well before 2013, is a license from the New York State Department of Education. There is not a single case where an employer possessed either a license or accreditation from a nationally recognized accrediting agency where it was not found to be an educational institution either or. That's different from Fernandez? Your Honor, I'm actually not familiar with when Fernandez got accreditation. I think both entities have both licensing and accrediting. Okay. I see. But with respect to the timing of which that accreditation was obtained by ALCC, it's one factor of many, and the licensing that it received from the Department of Education was well before that time period. Unless the panel has any questions, I'm happy to submit. Thank you. A brief rebuttal, I'm sure. Yes. Just briefly on the licensing, I don't believe there's any evidence in the record of when American Language obtained its licensing. The only evidence of its licensing is on page 50 of the Joint Appendix, which is a printout from the New York State Department of Education. I don't see on this page any date as to when it was licensed. Does the Department of Education have an answer to that? No? Okay. I don't have the answer to that question offhand, Your Honor. I think, you know, with respect to the statute of limitations in this case, both the licensing and the accrediting were obtained during that time period. So I consider it irrelevant not to mention that there are numerous other factors that Judge Daniels found. Understood. Understood. Okay. All right. Thank you very much.